FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 JAN 12 PM 3: 42

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _L. Feluden_
SO. DIST. OF GA.

AUGUSTA DIVISION

GENE T. GAINES,                       )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        CV 104-194
                                      )
JO ANNE B. BARNHART,                  )
Commissioner of Social Security,      )
                                      )
        Defendant.                    )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Plaintiff Gene T. Gaines appeals the decision of the Commissioner of Social Security

("Commissioner") denying his application for disability benefits under the Social Security

Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the

relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the

Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in

favor of the Commissioner.

## I. BACKGROUND

Plaintiff applied for disability benefits on February 4, 2002, alleging an onset date of

April 27, 1999. Tr. 94E-94H. He alleged disability due to back pain, shoulder problems,

high blood pressure, and osteoarthritis. Tr. 31. The Social Security Administration denied

plaintiff's application and his request for reconsideration. Plaintiff then requested a hearing

before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented

by counsel, testified on his own behalf, the ALJ issued an unfavorable decision dated

December 22, 2003. Tr. 27-37.

Applying the five-step sequential process required by Title 20, Code of Federal

Regulations, Section 404.1520, the ALJ found:

1.    The claimant performed substantial gainful activity through January 2000 and again in September 2000, February 2001, June 2001 and July 2001.   There is no evidence the claimant has engaged in substantial gainful activity since July 2001.

2.    The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Sections 404.1520(b) and 416.920(b).

3.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.    The claimant has the residual functional capacity for light work, reduced by restrictions which require only occasional climbing, stooping, and crouching.

5.    The claimant can return to his past relevant work selling industrial lubricants and as a car salesman.   The claimant was not under a disability, as defined in the Social Security Act, at any time through the date of this decision.

Tr. 36.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision

became the final decision of the Commissioner. Plaintiff filed this civil action requesting a

reversal of that adverse decision. Plaintiff argues that the ALJ's determination regarding

plaintiff's residual functional capacity was not supported by substantial evidence and that the

ALJ erred in discounting the medical opinions of two treating physicians.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire

3

record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Substantial Evidence

Plaintiff first asserts that the ALJ's decision was not supported by substantial evidence. To support his assertion, plaintiff argues that the ALJ misconstrued a medical report from a treating physician, that he failed to "mention the assessment" of another examining physician, and that he failed to consider medical evidence of plaintiff's back problems from June 25, 2003.

On May 14, 2002, Dr. John Kelley of Augusta Cardiology Associates indicated in a medical report that plaintiff knows "he needs to lose weight, but has not been willing to pay

the price to do it."[1]  Tr. 453.  The ALJ cited Dr. Kelley's statement in his opinion.  Tr. 33.

Plaintiff points out that Dr. Todd Cable, another doctor treating plaintiff at the time, noted

plaintiff's increased weight on February 14, 2002, but was unsure whether it was due to

increased appetite or Neurontin, plaintiff's pain medication.  Tr. 448.  While the ALJ did cite

Dr. Kelley's statement regarding plaintiff's weight in his opinion, he does not rely on any

implication that plaintiff's obesity is the result of his inactivity as a basis for his decision on

disability.  Instead, he only mentions Dr. Kelley's statement in his recitation of the facts of

the case.  As such, any misconception the ALJ may have had concerning the cause of

plaintiff's weight gain in 2002 did not affect significantly his conclusions on disability.

Plaintiff also claims that the ALJ failed to mention the medical assessment of Dr.

Shazad Ahmed, an internist retained by the Commissioner to conduct an examination of

plaintiff on July 20, 2000.  Dr. Ahmed made the following "assessment" after his

examination of plaintiff:

> The patient has pain and stiffness in the neck and also pain in the upper
> thoracic spine and lumbosacral region, possibly secondary to degenerative
> arthritic changes and may also [be] contributed by the disc problem and is
> causing significant restriction in the daily life activities.  His neck and upper
> thoracic spine hurt a lot, whenever he tries to sit in a chair and write and read.
> He can not lift weight of more than 5 lbs., and can not walk more than 20
> yards.  After that his feet and right knee start hurting.  Can not stoop or can
> not bend and crouch.  Whenever he does, it hurts his back.  He also has a
> sleeping problem: uses CPAP machine during sleep.  His right knee is
> unstable and gives away many times.  His gait is steady and his handgrip is
> +5/5 bilaterally.

Tr. 266.  Dr. Ahmed's "assessment" is little more than a recitation of plaintiff's pain

---

[1]Plaintiff is five feet, eleven inches tall and weighed 262 pounds at the time of his
September 16, 2003, hearing before the ALJ.  Tr. 43.

symptoms without supporting clinical findings. The ALJ mentioned Dr. Ahmed's observations that plaintiff "had normal reflexes, sensation, and motor function, and he walked with a steady gait." Tr. 33. The ALJ also mentioned, albeit briefly, Dr. Ahmed's observations regarding plaintiff's back pain. Id. (stating that plaintiff's back motion was "painful but full"). While the ALJ did not recite Dr. Ahmed's "assessment" verbatim, the Court finds that the ALJ did make adequate notation of plaintiff's pain symptoms in his opinion. Tr. 34. Thus, any failure by the ALJ adequately to represent Dr. Ahmed's "assessment" is harmless.

The back problems noted by Dr. Martin Greenberg on June 25, 2003, and July 17, 2003, are more troubling. At that time, Dr. Greenberg found severe spinal stenosis and cervical disc herniations. Putting Dr. Greenberg's findings into context, however, casts some doubt on the actual severity of plaintiff's condition. Plaintiff's rehabilitative efforts and medication in early 2002 had yielded significant improvement in the condition of his back. On a visit to Dr. Kelley in April 2002, plaintiff indicated that he had worked in his yard all day, "lifting and cutting his grass, etc." without discomfort. Tr. 454. A residual functional capacity assessment by Dr. John Heard on June 5, 2002, indicated that plaintiff could lift up to fifty pounds occasionally and twenty-five pounds frequently, that he could stand or sit for six hours in an eight-hour workday, and that his capacity to push or pull with his hands or feet was unlimited. Tr. 497.

In August 2002, however, plaintiff reported increased back pain to Dr. Cable. Tr. 525. The worsening of plaintiff's condition apparently was caused by walking on the sand at a beach. Id.

6

On October 24, 2002, Dr. Greenberg performed surgery on plaintiff's back after diagnosing him with lumbar disc disease and radiculopathy. Tr. 530. The surgery resulted in significant improvement in plaintiff's lower back symptoms. In a January 22, 2003, medical report, Dr. Greenberg noted "rare low back pain" and that plaintiff's radiculopathy was "completely resolved." Tr. 575. On April 22, 2003, Dr. Greenberg reported that plaintiff's low back pain was "improving considerably" after the operation. Tr. 574. At plaintiff's September 16, 2003, hearing before the ALJ, he confirms that pain in his hip and leg had "improved greatly" since the surgery, although he complained of continued back pain. Tr. 49.

Plaintiff returned to Dr. Greenberg on June 25, 2003, complaining of severe neck pain, low back pain, radiculopathy, and severe hip pain.[2] Dr. Greenberg diagnosed him with cervical disc disease and bilateral radiculopathy, and he ordered a magnetic resonance imaging ("MRI") exam.[3] While medical records indicating the results of the MRI are not in the record, a letter from Dr. Greenberg dated July 17, 2003, indicates that "the cervical and lumbar MRI showed severe spinal stenosis with disc herniations in the cervical spine . . . ." Tr. 571.

Dr. Greenberg also opined that plaintiff *may* require surgery for his back problems again in the future. The ALJ noted Dr. Greenberg's uncertainty regarding whether surgery

---

[2]Plaintiff's neck pain appears to be a new symptom. His complaints of radiculopathy and hip pain contradict his testimony at his hearing before the ALJ, held less than two months later.

[3]According to plaintiff's hearing testimony, the MRI exam was done at plaintiff's request. Tr. 49.

7

would be needed to correct plaintiff's problems, implying that Dr. Greenberg's assessment of the severity of plaintiff's condition was inconsistent with the anticipated treatment of his condition. The ALJ also noted correctly that Dr. Greenberg mentions no functional limitations in his letter or in his treatment notes. Tr. 34.

Plaintiff asserts that substantial evidence does not support the ALJ's finding that he was not disabled in June 2003. Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin, 894 F.2d at 1529 (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the plaintiff. Id.

In light of the improvements in plaintiff's condition throughout most of 2002 and particularly after his October 2002 surgery, the Court finds that substantial evidence supports the ALJ's conclusion that plaintiff was not disabled at any time between plaintiff's alleged onset date and the date of the ALJ's decision. While the Court acknowledges that Dr. Greenberg's June 25, 2003, observations and plaintiff's anecdotal testimony suggest back ailments more severe than the ALJ's findings indicate, the ALJ relied on sufficient relevant evidence–in particular the ambiguity in Dr. Greenberg's plan to fix plaintiff's allegedly severe back problems and the lack of supporting clinical data– to support his findings. The Court may not substitute its judgment for the ALJ's judgment, even where the evidence appears to preponderate in favor of plaintiff. The ALJ's conclusions were supported by substantial evidence and should therefore be affirmed.

8

### B. Opinions of Treating Physicians

In plaintiff's second ground for relief, he asserts that the ALJ improperly discounted the opinions of Dr. Greenberg and of Dr. John B. Baxley III, plaintiff's family doctor. In Dr. Greenberg's aforementioned July 17, 2003, letter, he opines that plaintiff "is 100 percent fully disabled." Tr. 571. The ALJ discounted Dr. Greenberg's assessment for the reasons stated in Section III.A *supra* of this Order: the clinical records and Dr. Greenberg's own reticence in recommending surgery for plaintiff do not support his assessment of plaintiff's disability.

On October 15, 2001, Dr. Baxley opined that plaintiff was "completely disabled because of severe pain." Tr. 351. On November 29, 2002, Dr. Baxley completed a physical capacities evaluation on plaintiff, wherein he found that plaintiff was able to stand or sit less than one hour a day; that he cannot use his feet for repetitive movements; that he can lift up to five pounds only occasionally; that he can never climb, balance, stoop, kneel, crouch, or crawl; that he can only occasionally reach above shoulder level; that he should have severe restrictions against driving automotive equipment; that his pain is severe; and that he was "significantly restricted" in his ability to work eight-hour days. Tr. 538-41.[4]

The ALJ discounted Dr. Baxley's opinions on both occasions, finding that those opinions were not supported by objective medical findings. Tr. 34. Plaintiff's well-documented, though not entirely complete, recovery from back pain in early 2002 and the effectiveness of the October 2002 surgery in treating his pain symptoms contradict Dr.

---

[4]Plaintiff had three other physical capacities evaluations done between 2000 and 2002, and each credited plaintiff with significantly more physical capacity and far fewer limitations than Dr. Baxley did in November 2002. Tr. 496-503, 504-11, 512-21.

Baxley's findings of disability.  The November 2002 physical capacities evaluation, in particular, occurred soon after Dr. Greenberg had performed the surgery that significantly reduced plaintiff's pain symptoms.

Under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the ALJ, and treating source opinions on issues reserved to the ALJ are never entitled to controlling weight or special significance. SSR 96-5p; 20 C.F.R. § 404.1527(e). While "the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physicians's diagnosis," a "treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); accord Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).  The ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Court finds that the ALJ adequately addressed and stated his reasons for discounting the opinions of Dr. Greenberg and Dr. Baxley regarding plaintiff's disability. The determination of disability ultimately is left to the ALJ, and the ALJ, upon evaluation of the record in its entirety, concluded that the doctors' opinions were not supported by medical evidence.  His determination therefore should be affirmed.


## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the

Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.


SO REPORTED and RECOMMENDED this _12th_ day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

11